UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NUMBER: 1:16-cv-23222

NORTH SHIPPING LLC,

                Plaintiff,

v.

THAI SPRING FISH CO., LTD.,

                Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, NORTH SHIPPING LLC (hereinafter "North" or "Plaintiff"), by and through their attorneys, hereby files this, its Verified Complaint and sues the Defendant, THAI SPRING FISH CO., LTD. (hereinafter "Thai" or "Defendant"), and allege upon information and belief as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. §1333.

2. In addition, this Court has diversity jurisdiction over this controversy, as the matter is controversy exceeds the sum or value of $75,000 and is between citizens of different states under 28 U.S.C. §1332(a)(1).

3. The Court has jurisdiction over the Defendant because the Defendant entered into contracts with entities located in Florida and all within this judicial district.

4. Venue in this Court is proper because the causes of action outlined below accrued within the State of Florida and/or Miami-Dade County, Florida.

5. This Court has jurisdiction over the Defendant pursuant to Florida's Long Arm statute in that the Defendant:

   a. Conducted and/or solicited business, conducted operations, entered into contracts, and remitted payments to entities operating in Florida;

   b. Committed unlawful tortious conduct within the State of Florida damaging the Plaintiff within this state as alleged herein; and/or

   c. Had substantial and not isolated contacts with this State in the form of regularly conducted contractual business activities within the State. In this regard, the Defendant has at all times material to this action purposefully availed themselves of the protection and benefits of the laws of the State of Florida; and/or

   d. Purchased products and services within the State of Florida; and/or

   e. Was engaged in substantial activity within the State; and/or

   f. Breached a contract within the State of Florida damaging the Plaintiff within this State as alleged herein; and/or committed one or more of the acts stated in Florida Statute sections 48.081, 48.181 or 48.193 in this State and/or Miami-Dade County.

### THE PARTIES

6. At all times material hereto, Plaintiff, North, was and still is a Delaware limited liability company authorized to do business in Florida and maintaining a principal place of business at 1000 NW 57th Court, Suite 1040, Miami, Florida 33126.

7. At all times material hereto, Defendant, Thai, was and still is a foreign business entity with a principal place of business at 7/120 Moo. 3 Amata City Industrial Estate, 331 Rd., T. Maby Angport A. Pluakdaeng, Rayong, 21140, Thailand.

## FACTS

8. On or about July 7, 2015, North offered to sell and ship 1,309 cartons of land frozen shrimp to Thai.

9. Shortly thereafter, Thai agreed to purchase 1,309 cartons of land frozen shrimp from North for a total cost of USD 184,176.30.

10. After North and Thai agreed to the price for the purchase of the land frozen shrimp, North issued Commercial Invoice No. 0074. *A copy of Commercial Invoice No. 0074 is attached hereto as Exhibit 1.*

11. The parties agreed that the goods would be carried onboard M/V EASTERN ISLAND.

12. On or about July 16, 2015, the goods were loaded onboard M/V EASTERN ISLAND.

13. Bill of lading GD2015-0427 was issued for the carriage of the goods from Puerto Madryn, Argentina, to Laem Chabang, Thailand. The Bill of Lading indicates that 1,309 cartons of land frozen ship were placed onboard M/V EASTERN ISLAND. *A copy of the bill of lading is attached hereto as Exhibit 2.*

14. The shipment arrived at its final destination in good order and was received by Thai.

15. No contemporaneous complaints as to the quality of the goods received were raised at the time with North or any other carrier involved in the underlying shipment.

16. Despite due demand for prompt payment of the commercial invoice, Thai has refused, neglected and/or otherwise failed to remit payment.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

17. The Plaintiff repeats and re-alleges each and every allegation set forth in the paragraphs titled "Jurisdiction and Venue", "The Parties" and "Facts", as if more fully set forth herein.

18. At the request of the Defendant, the Plaintiff arranged for the sale and carriage of 1,309 cartons of frozen shrimp from Puerto Madryn, Argentina, to Laem Chabang, Thailand. *See Exhibit 1 and 2.*

19. In advance of selling the frozen shrimp, North and Thai orally agreed to the costs associated with this shipment. *See Exhibit 1.*

20. North promptly provided the goods and the method of shipment and, in return, expected to receive payment for the services rendered and goods sold.

21. The Defendant has received the benefit of the services rendered and goods provided by North.

22. The Defendant was presented with the commercial invoice on or about July 7, 2015, and accepted the invoice without objection.

23. Despite repeated request for payment by North, the Defendant has refused, neglected, and/or otherwise failed to pay for the services and goods rendered by North, in breach of the parties' agreement.

24. The Plaintiff has performed all of its obligations under the contract between the parties but the Defendant has not and thus, is in breach of contract.

25.     All conditions precedent to the bringing of this action have been performed by the Plaintiff or have been waived by the Defendant.

26.     As a result of the Defendant's willful failure to honor its obligations under the parties' agreement, the Plaintiff has suffered damages in the amount of USD 184,176.30, plus interest, fees, and costs.

WHEREFORE, the Plaintiff demands judgment against Thai Spring Fish Co., Ltd., for the above described damages in the amount of USD 184,176.30, plus interest, costs, fees, and disbursements associated with the prosecution of the First Count in this cause of action, and for any other relief which this Court may deem just and proper.

## SECOND CAUSE OF ACTION
## ACCOUNT STATED

27.     The Plaintiff repeats and re-alleges each and every allegation set forth in the paragraphs titled "Jurisdiction and Venue", "The Parties" and "Facts", as if more fully set forth herein.

28.     This is an action for damages in the total amount of USD 184,176.30.

29.     Before beginning this action, the parties had business transactions between them as detailed above.

30.     On or about July 7, 2015, Thai was provided with a commercial invoice for payment and shipment of 1,309 cartons of frozen shrimp from Puerto Madryn, Argentina, to Laem Chabang, Thailand.

31.     The Defendant retained this invoice without objection.

32.     More than a reasonable time has elapsed since the invoice was provided to the Defendant.

33. Despite repeated demands for payment, the Defendant has refused, neglected, and/or otherwise refused to remit payment for the outstanding amount due.

34. Accordingly, the Plaintiff is entitled to judgment for the outstanding amount of USD 184,176.30.

WHEREFORE, the Plaintiff demands judgment against Thai Spring Fish Co., Ltd., for the above described damages in the amount of USD 184,176.30, plus interest, costs, fees, and disbursements associated with the prosecution of the Second Count in this cause of action, and for any other relief which this Court may deem just and proper.

### THIRD CAUSE OF ACTION
### OPEN ACCOUNT

35. The Plaintiff repeats and re-alleges each and every allegation set forth in the paragraphs titled "Jurisdiction and Venue", "The Parties" and "Facts", as if more fully set forth herein.

36. The Plaintiff sues the Defendant for an open account.

37. This is an action for damages in the amount of USD 184,176.30.

38. The Defendant owes the Plaintiff USD 184,176.30.

39. The section entitled "Facts" herein itemizes all amounts due and is further supported by Exhibit 1 and 2 attached hereto.

WHEREFORE, the Plaintiff demands judgment against Thai Spring Fish Co., Ltd., for the above described damages in the amount of USD 184,176.30, plus interest, costs, fees, and disbursements associated with the prosecution of the Third Count in this cause of action, and for any other relief which this Court may deem just and proper.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT/QUANTUM MERUIT

40. The Plaintiff repeats and re-alleges each and every allegation set forth in the paragraphs titled "Jurisdiction and Venue", "The Parties" and "Facts", as if more fully set forth herein.

41. At the request of the Defendant, the Plaintiff agreed to sell 1,309 cartons of frozen shrimp to the Defendant and arrange for the shipment of same from Puerto Madryn, Argentina to Laem Chabang, Thailand.

42. Despite demand for payment for its goods and services, an outstanding balance of USD 184,176.30 remains due and owing to the Plaintiff.

43. The Defendant has inequitably benefited from their neglect, failure and/or refusal to pay the Plaintiff USD 184,176.30 for the goods and services provided at the request of, and for the benefit of the Defendant.

44. The Defendant has unjustly received and retained the benefit of the goods and services rendered by the Plaintiff.

45. Equity and good conscience require the Defendant to remit to the Plaintiff damages in the amount of USD 184,176.30, which the Plaintiff has incurred and sustained for the benefit of the Defendant.

WHEREFORE, the Plaintiff demands judgment against Thai Spring Fish Co., Ltd., for the above described damages in the amount of USD 184,176.30, plus interest, costs, fees, and disbursements associated with the prosecution of the Fourth Count in this cause of action, and for any other relief which this Court may deem just and proper.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Complaint;

B. That judgment may be entered in favor of Plaintiff on all Causes of Action, in the amount of USD 184,176.30, plus attorney's fees, costs, and disbursements in an amount to be determined by the Court;

C. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing any judgments which may be obtained; and

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Respectfully Submitted,

By:   s/ Michelle Otero Valdés
      Michelle Otero Valdés, B.C.S.
      Florida Bar #: 14990
      CHALOS & CO, P.C.
      2030 S. Douglas Road, Suite 117
      Coral Gables, Florida 33134
      Tel: (305) 377-3700
      Fax: (866) 702-4577
      Email: mov@chaloslaw.com

      *Attorneys for Plaintiff*
      *North Shipping LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NUMBER: 1:16-cv-23222

NORTH SHIPPING LLC

Plaintiff,

-against-

THAI SPRING FISH CO., LTD.

-----------------------------------------------------------/

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Esther Laniado de Suaya, declares under the penalty of perjury under the laws of the United States that the foregoing is true and correct:

1. I am and was, at all times material hereto, the Managing Member of North Shipping LLC.

2. I am an authorized officer of North Shipping LLC and I attest that I have the express authority to complete and sign this verification on behalf of North Shipping LLC.

3. I have read the foregoing Verified Complaint and have personal knowledge of facts stated therein and the contents thereof.

4. I believe the matters contained within said Verified Complaint to be true based upon the documents and information obtained from the employees and representatives of North Shipping LLC.

Dated: July 25, 2016
Buenos Aires, Argentina

By: _____
Esther Laniado de Suaya
Managing Member North Shipping LLC